**Milagros M. Toro MORALES, Plaintiff,**

v.

**Jaime Torres GAZTAMBIDE, individually and as Secretary of the Housing Department of the Commonwealth of Puerto Rico; Mario Arrillaga, individually and as regional Director of the Housing Department of the Commonwealth of Puerto Rico, Defendants.**

Civ. No. 85–1175 (JAF).

United States District Court,
D. Puerto Rico.

April 10, 1986.

Héctor González López, Héctor Urgell Cuebas, Pedro Miranda Corrada, San Juan, P.R., for plaintiff.

José A. Sánchez Alvarez, Ramirez & Ramirez, Hato Rey, P.R., for Héctor Rivera Cruz, Secretary of Justice of the Dept. of Justice of the Com. of P.R.

## ORDER

FUSTE, District Judge.

Plaintiff Milagros M. Toro Morales alleges that she has been deprived of her constitutional rights by the acts of Jaime Torres Gaztambide, as previous Head of the Housing Department of the Commonwealth of Puerto Rico, and Mario Arrillaga, Regional Director of the Housing Department. The pleadings are very specific on the description of the conduct which violated her civil rights.

Toro-Morales is an employee of the Housing Department with eighteen years of public service and holds a career-permanent employment status as Administrator VI. As such, she was assigned to work at a public housing development known as "Las Gladiolas I".

On April 2, 1985, by memorandum sent by defendant Arrillaga, she was transferred to "Las Gladiolas II". She claims that the transfer obeys to the fact that she is a member of the New Progressive Party, which lost the Puerto Rico general elections in November, 1984. There is an allegation that the transfer was politically motivated. Said transfer did not affect her employment status, salary level, nor type of services rendered. The allegation of constitutional violation is that now in "Las Gladiolas II" she has to use stairs, since in this building the elevator is usually not in service. She alleges that said action affects her health since the State Insurance Fund allegedly ordered her not to incur in heavy exercises. This is the foundation for her claim of constitutional rights breaches of her political freedom.

The defendants have filed a motion to dismiss alleging that the transfer does not affect her constitutional rights and that the mere inconvenience of having to use the stairways is not sufficient to paramount a civil rights cause of action[1], citing *Reichenberger v. Pritchard*, 660 F.2d 280 (7th Cir.1981).

In an action seeking redress for violations of a person's civil rights, 42 U.S.C. Sec. 1983, the litigant must make specific pleadings as to state that a substantive right has been violated. These rights are not created by the federal statute which only grants a right of action to vindicate said violated right. *Pennhurst State School Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984); neither is this Court with the power to grant remedy when the reliefs requested are based solely on state law. *Pennhurst*, 104 S.Ct. at 910.

Viewing plaintiff's pleadings in the light most favorable to her action, we do not find merits in her claim of a violation of a constitutional right. Therefore, defendants' motion to dismiss is hereby treated as a request for summary judgment since documents outside the pleadings were viewed,

1. Also, to satisfy plaintiff's concern of using stairs, defendants have filed a certificate signed by the Interim Administrator of "Las Gladiolas II" stating that the elevators were in working condition between the period of January 14, 1985 to July 29, 1985.

Fed.R.Civ.P. 56(b), and the same is hereby GRANTED.

IT IS SO ORDERED.